THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXX
ATTORNEY GENERAL

Honorable Julian Montgomery
State Highway Engineer
State Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-1351
Re: Legality of certain provisions
of the specifications and con-
tract of the Neches River Bridge.

We acknowledge receipt of your letter of August 17, 1939, in which you request the opinion of this department on the legality of the following two provisions of the specifications and contract of the Neches River Bridge:

(1) Paragraph 4, Article 5, on page 30, of said contract:

"Rejected materials shall be removed from the vicinity of the work, and the contractor shall promptly remove, reconstruct, replace, and make good, as may be directed, without charge, any defective work. Oversight or error (in) judgment of inspectors or previous acceptance shall not relieve the contractor from the obligations to make good defects whenever discovered."

(2) Paragraph 2, Article 111, on page 93, of said contract:

"Any failure of completed paint work shall be deemed to be a fault of the cleaning and painting, and any finished painting that proves to be defective shall have the metal recleaned and the entire painting herein specified applied. All costs thereof . . . . shall be charged to the contractor . . . ."

A contract is illegal if it violates any provision of the Constitution, or of a statute or city ordinance, or if the performance called for by the terms of the contract will result in such a violation. A contract is illegal if the terms of the contract are contrary to public policy, or if the agreement in

whole or in part is to use the subject matter of the contract, or a part thereof for an unlawful purpose. See 10 Tex. Jur., Paragraph 106, at page 183, and authorities therein cited; also 10 Tex. Jur., Paragraph 107, at page 185, and authorities therein cited.

The following quotation is from 10 Tex. Jur., Paragraph 103, on page 190:

"Generally speaking, a contract which is not in itself immoral or in contravention of any law is not contrary to public policy. But there is no absolute rule by which to determine whether a particular contract is contrary to public policy; each case must be judged by itself.

"Public policy permits the utmost freedom of contracts between parties of full age, and competent understanding, and requires that their contracts, when freely and voluntarily entered into, shall be held sacred and enforced by the courts, and this freedom should not lightly be interfered with by holding that a contract is contrary to public policy. In doubtful cases, the presumption is in favor of the validity of the transaction; and where public policy is not settled by recognized principles, a contract will be declared to be in contravention of it only in cases in which the injury to the public is clear."

We know of no constitutional provision, statute, or ordinance which is violated by the contractual provisions above set out and referred to; nor do we find involved in these provisions any question of public policy.

It is therefore, the opinion of this department that the provisions of the specifications and contract of the Neches River Bridge hereinabove set out are legal and may properly be made a portion of said contract.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ross Carlton
Ross Carlton
Assistant

RC:FG:wc

APPROVED SEP 7, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman